**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICARDO DE JESUS FRANCHI LOPEZ,

     Petitioner,

v.                                                                    No. 1:26-cv-00691-DHU-JHR

PAMELA BONDI, U.S. Attorney General;
ACTING SECRETARY, U.S. Department of
Homeland Security; MARY DE ANDA-YBARRA,
Immigration and Customs Enforcement (ICE)
Director of El Paso Field Office; TODD LYONS,
Acting ICE Director; and GEORGE DEDOS,
Warden of Torrance County Detention Facility,

     Respondents.

## <u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Ricardo de Jesus Franchi Lopez's *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS IN PART** the Petition, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

Petitioner is a native and citizen of Venezuela who entered the United States without inspection on an unknown date. In April 2025, he filed an Application for Temporary Protected Status and an Application for Employment Authorization, which remain pending. Doc. 1 at 8, 10. He has no criminal convictions. *Id.* at 4.

On October 23, 2025, Petitioner was taken into immigration custody. *Id.* at 6. On January 21, 2026, an Immigration Judge denied bond on the grounds that "Petitioner had no right to bond." *Id.* at 2. Petitioner is currently detained at the Torrance County Detention Facility, in Estancia, New Mexico. *Id.* at 1.

On March 6, 2026, Petitioner filed the instant Petition challenging his continued detention without a bond hearing. *Id.* at 4. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody under reasonable supervision conditions or, alternatively, provide him with a bond hearing. *Id.* at 7.

On March 20, 2026, Respondents filed a response to the Petition. Doc. 6. Respondents position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) based on the plain language of that statute. *Id.* at 2. Respondents, however, concede that the facts of this case are "substantially similar" to *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026), and that "this Court's decision in *R[e]quejo Roman* . . . would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

As Respondents correctly concede, this Court has already considered the statutory and constitutional issues raised by Petitioner in this case. *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267. Following this Court's decision in *Requejo Roman*, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[1] Petitioner, who entered without inspection some time ago, is properly detained pursuant to § 1226 and, therefore, entitled

---

[1] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived her of his due process rights. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Thursday, June 25, 2026, he shall be immediately released. At the bond hearing, the assigned IJ is hereby ordered to first turn to the Government, who shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community to justify continued detention. If the IJ determines that the Government has met its burden, the IJ may then turn to Petitioner for his arguments. The assigned IJ is also hereby ordered not to consider, deny bond, or otherwise rely on *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Friday, June 26, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE